IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 1:18CR00590-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SARA LIOI |
| VS. | ) | |
| | ) | |
| JAVAE VARGOVICH | ) | DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant, | ) | |

    Now comes the Defendant, Javae Vargovich by and through undersigned Counsel, and respectfully requests this Honorable Court consider the attached Memorandum in imposing judgment and sentence.

                                                                                           Respectfully submitted,

                                                                               <u>S/GEORGE C. PAPPAS</u>
                                                                               GEORGE C. PAPPAS #0037374
                                                                               Attorney for Defendant
                                                                               631 W. Exchange Street
                                                                               Akron, Ohio 44302
                                                                              330-252-0125

## CERTIFICATE OF SERVICE

This is to certify that on June 3, 2019 a copy of the foregoing *Defendant's Sentencing Memorandum* was filed with the Court. Notice of the filing will be sent by operation of the Court's Electronic filing system to all parties indicated on the electronic filing receipt.

                                         S/GEORGE C. PAPPAS
                                         GEORGE C. PAPPAS #0037374
                                         Attorney for Defendant

## MEMORANDUM

I. **PERSONAL HISTORY**

Javae Vargovich is 21 years old and single, but had been involved in a stable relationship with Samantha Wooten and one child from a former relationship with another. Mr. Vargovich parents were not a positive influence after the age of 17. Mr. Vargovich saw the effects of drug addiction as a child. As stated to the Presentence writer, Mr. Vargovich would benefit from substance abuse treatment as well as vocational training.

II. **STATEMENT OF THE CASE**

Mr. Vargovich accepted responsibility for his actions by entering a guilty plea to the Indictment and has provided a statement to the Court in the Presentence Report.

III. **LAW AND ARGUMENT**

    A. **Current State of Sentencing Law in the Wake of *United States v. Booker* and its Progeny.**

Sentencing procedure underwent a fundamental change with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Whereas the Federal Sentencing Guidelines previously were virtually mandatory in nature, today they are "effectively advisory" in all cases. *Id.* At 245. The net result is that district courts must now impose a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2). *See United States v. Foreman,* 436 F.3d 638, 644 n.1 (6th Cir. 2006) ("It is worth noting that a district court's job is not to impose a 'reasonable' sentence. Rather, a district

3

court's mandate is to impose a 'sentence, sufficient, but not greater than necessary, to copy with the purposes, of section 3553(a)(2).")

The Supreme Court's directive that district courts are to impose sentences in light of *all* of the sentencing criteria set forth in § 3553 was made clear in its recent decision in *Gall v. United States,* 128 S. Ct. 586 (2007). In *Gall,* the Court established the following procedure that district courts are to follow when imposing sentence:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the sentence they deem appropriate, the district judge should then consider all of the §3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Id.* At 596-597; see also *United States v. Gossman*, 513 F.3d 592, 596 (6th Cir. 2008) ("Gall shows that the sentencing process involves an exercise in judgment, not a mathematical proof…").

Importantly, "sufficient but not greater than necessary" standard of §3553 test is no mere guideline. Rather, it sets an independent upper limit on the sentence that may be imposed by a Court.

### B. Guideline Calculations

Based upon the Pre-Sentence Report, Mr. Vargovich Base Offense Level is 14. The parties anticipate a three-level reduction – two levels for acceptance of responsibility for a Total Offense Level of 12, and a Criminal History Category V for an advisory guideline range of 27 to 33 months.

### C. Application of the Statutory Sentencing Criteria

#### 1. §3553(a)(1) – Nature and Circumstances of the Offense and History and Characteristics of the Defendant

The circumstance under which the offense occurred will not likely reoccur. Mr. Vargovich recognizes the seriousness of the offense and the impact his actions have on his family and children and desires to lead a law-abiding life. Mr. Vargovich recognizes and desires his need for education and job-skill training as well as substance abuse treatment.

#### 2. §3553(a)(2)(A) – Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment

This Court is free to exercise the substantial discretion afforded to it under *Gall* to fashion an appropriate sentence.

It is necessary to incarcerate to promote respect for the law and to provide just punishment, but it is requested the length of incarceration be tailored as to not be greater than necessary.

#### 3. §3553(a)(2)(D) – Provide Education, Training, and Care for the Defendant

Mr. Vargovich obtained a GED in Lorain Ohio in 2017. He desires to continue his

education and seek a vocational skill for the betterment of his life and his child.

### 4. §3553(a)(4) & (5) – Sentencing Guideline Considerations and Policy Statements

Mr. Vargovich is requesting a reasonable sentence of incarceration. It is respectfully requested that this Honorable Court consider his youth in applying an appropriate sentence as well as the need for vocational training and substance abuse treatment.

#### a. Concurrent Sentence

Mr. Vargovich was sentenced to serve a one year sentence by the Lorain County Court of Common Pleas on September 10, 2018 and thereby scheduled for release on September 7, 2019 (PSR paragraph #37). It is requested that he receive credit for that time of custody since his arrest on the Instant Case August 14, 2018 and allow the custody time he's served for the Lorain County case run concurrent with the sentence before this Court. All the time he's served since August 14, 2018 has already disciplined him for his actions. A concurrent term of imprisonment for the Lorain County Community Control Violation will satisfy the § 3553(a) factors.

## IV. CONCLUSION

For all of the reasons set forth above and any such additional considerations as may be brought to the courts attention as the time of sentencing, Mr. Vargovich requests this Court to sentence as follows:

1. Sentence Mr. Vargovich to the minimum term of imprisonment in the guideline range as determined by this Court.

2. Determine that any fine or cost of imprisonment be waived because of Mr. Vargovich financial status.

3. Recommend to the Bureau of Prisons that it designate Mr. Vargovich place of imprisonment be FCI Morgantown West Virginia.

4. Recommend to the Bureau of Prisons that Mr. Vargovich participate in the Federal 500 hour residential drug rehabilitation program.  *See*, 18 U.S.C. §3621 (b) and (e).

Respectfully submitted,

S/GEORGE C. PAPPAS
GEORGE C. PAPPAS #0037374
Attorney for Defendant
631 W. Exchange Street
Akron, Ohio 44302
330-252-0125